**Ravun MUONG, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Acting Warden, Respondent—Appellee.**

No. 03–16623.

D.C. No. CV–01–06032–SMS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 10, 2004.

Ravun Muong, K–23332, Calipatria State Prison, Calipatria, CA, pro se.

Lloyd Carter, DAG, Fresno, CA, for Respondent–Appellee.

Before REINHARDT, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Ravun Muong is serving a sentence of life imprisonment with the possibility of parole for the drive-by murder and attempted murder of two rival gang members.[1] Muong was tried along with a fellow gang member, Noe Viramontes. The only issue Muong raises on appeal is ineffective assistance of counsel due to (i) trial counsel's failure to object to the admission of his co-defendant's confession and (ii) trial counsel's failure to move for a severance of Muong's trial from his co-defendant's. Muong argues that the California Supreme Court unreasonably erred in denying his ineffectiveness claims.

The district court did not reach the question of trial counsel's defective performance because it first determined that Muong had not established any resulting prejudice. Likewise, we need not, and do not, determine whether counsel's performance was deficient before examining whether his counsel's conduct was prejudicial as required by the second prong of *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Muong argues that his trial counsel's failure to object to the introduction of Viramontes' confession and to move for severance of his trial from Viramontes prejudiced him because, without Viramontes' statements, the jury might not have convicted him. Because the critical inculpatory evidence would be the same whether or not Viramontes' statements were excluded and whether or not Muong was tried separately, we consider the prejudice of both alleged deficiencies together.

Muong's defense at trial was that a third person known as "Clumsy" was the shooter and that the prosecutor failed to establish that Muong knew that Clumsy brought the gun into the vehicle. Muong's own statements, however, as testified to by Detective Ramon Gines, provided the principal basis for the jury's findings. Striking Viramontes' testimony would not "undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. Muong's own statements to the police placed him in the driver's seat of the vehicle at the time of the shooting. According to those statements, after learning that rival "Asian Crips" ("AC") gang members shot at Viramontes, Muong suggested to Viramontes that they go "cruising for some AC's." Whether or not they then stopped and picked up Clumsy adds or subtracts little regarding the question of Muong's intent. Either way, Muong drove the car past the group of people he thought might be AC's and then made a U-turn and drove back toward the individuals, slowing down as he approached. Muong told the police that he heard approximately nine shots from his vehicle and saw one of the victims fall to the ground. He admitted that he had been a member of the gang for four years and that he had planned to do a retaliatory drive-by shooting, but that one of his passengers "had jumped the gun and proceeded to shoot before the directed time." Whether that passenger was Clumsy or Viramontes is inconsequential to Muong's defense; either way he provided evidence of his own intent by admitting to police that he planned to retaliate against the ACs and that he was the driver of the vehicle from which the shots were fired. The inference that Muong aided and abetted the shooting does not in any way de-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

pend upon the identity of the shooter. Nor did Viramontes' statements go to Muong's knowledge that a gun was brought into the car.

Although Viramontes' statements undoubtedly affected Muong's credibility, the California Supreme Court's determination that Muong was not prejudiced thereby for purposes of *Strickland* was not objectively unreasonable. *See Lockyer v. Andrade*, 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (discussing "unreasonable application" standards).[2] Whether or not there was a Clumsy involved, it was not objectively unreasonable for the California Supreme Court to conclude that Muong's statement that he planned to murder the victims later rather than earlier would not have had a reasonable probability of success as the keystone of his defense. *Strickland*, 466 U.S. at 694. All in all, Muong failed to demonstrate that the state court's prejudice determination was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the district court's denial of Muong's habeas petition is **AFFIRMED.**

---

**2.** We note, although the issue is of peripheral importance, that irrespective of Viramontes' statements, there was substantial evidence that Clumsy did not exist. At trial, police detectives testified that they were unable to establish the existence of an individual named Clumsy and that one of Muong's fellow gang members told them there was no person named Clumsy. The Clumsy story also suffered from police testimony that it would have been impossible for someone to shoot from

the back seat because the back windows of the vehicle could not be rolled down.

